# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**ALBERT CASTRO,**

    Plaintiff,

vs.                                                        Civ. No. 00-1716 DJS/WWD-ACE

**TORRANCE VAN & STORAGE COMPANY**
**d/b/a S&M Moving Systems,**

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion for Summary Judgment filed December 28, 2001. Plaintiff alleges that Defendant regarded him as having a disability when Plaintiff returned to work following his medical treatment for a heart condition. Plaintiff alleges that following his return to work Defendant consistently reduced his working hours in violation of the Americans with Disability Act of 1991 (ADA), 42 U.S.C. §§12101-12213. Defendant asserts it is entitled to summary judgment on the grounds that the disputed facts demonstrate that it did not regard Plaintiff as disabled and used a nondiscriminatory criteria for the assignment of work hours. Further, Defendant asserts that the Plaintiff did not suffer any adverse employment action. Upon review of the pleadings and being otherwise advised in the premises, the Court finds that Defendant's Motion is well taken and will be granted.

### Summary Judgment Procedure

Summary judgment is appropriate if there is no genuine issue of material fact and

the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998), *citing* Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." Id. (*citing* Anderson, 477 U.S. at 248).

When applying this standard, the factual record and reasonable inferences therefrom are examined in the light most favorable to the party opposing summary judgment. Applied Genetics Intl, Inc v. First Affiliated Secur., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). The party moving for summary judgment bears the burden of showing-- that is, point out to the district court--that there is an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). When the moving party makes this showing, it shifts the burden to the non-movant to come forward with evidence that there is a genuine issue of material fact. Bacchus Indus Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991). The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of the pleadings. Id. "[T]he nonmoving party must, at a minimum, direct the court to facts which establish a genuine issue for trial." White v. York Intl. Corp., 45 F.3d 357, 360 (10th Cir. 1995) Those facts must be specific and be supported by reference to specific exhibits in the record. Mitchell v. City of Moore, 218 F.3d 1190, 1199 (10th Cir. 2000).

Conclusory and self serving statements are ineffective for summary judgment purposes. "Under Fed.R.Civ.P. 56(e), only statements' made on personal knowledge will

support an opposing to a motion for summary judgment; statements of mere belief must be disregarded." Tavery v. United States, 32 F.3d 1423, 1426 n.4 (10th Cir. 1994). Conclusory and self-serving statements are similarly disregarded. Murray v. City of Sapulpa, 45 F.3d 1417, 1422 (10th Cir. 1995).

Pursuant to Local Rule 56 a summary judgment movant must set out facts, by number, as to which the movant contends no dispute exists. D.N.M.LR-Civ. 56.1(b). Each numbered fact must contain a citation to the record to support the stated proposition. Id. In response, the non-movant must provide a concise statement of the facts as to which the nonmovant believes an issue of fact exists. Each fact in dispute must be numbered and must be referred to with particularity to the portions of the record upon which the non-movant relies to establish a dispute. Id. If the non-movant fails to specifically controvert the movants purposed statement of material facts, the movants facts will be deemed admitted. Id.

Plaintiff's response brief violates several Local Rules. Plaintiff's response is untimely. Defendant mailed the Motion for Summary Judgment to the Plaintiff on December 28, 2001. The deadline in the Initial Pretrial Report for a response was January 14, 2002. Plaintiff's response was filed January 21, 2002. Prior to the deadline, Plaintiff did not seek nor was an extension granted to file his response. Pursuant to D.N.M.LR-Civ. 7.5(b) failure to serve or file a response "constitutes consent to grant the motion." Despite these fatal flaws, the Court will consider Plaintiff's Response and address the merits of Plaintiff's lawsuit.

In addition, Plaintiff's response did not include a section discussing Defendant's

statement of facts, as contemplated by Local Rule 56. Plaintiff did not list the facts he alleges are in dispute. This violates the specific requirements of Local Rule 56. Finally, Plaintiff does not explain which facts he believes support a particular element of his claim.

**Background**

These facts are undisputed or not specifically controverted and thus admitted by the Plaintiff. D.N.M.LR-Civ. 56.1(b). Plaintiff is currently an employee of S&M Moving Systems and has been since April 28, 1998. Since he was first employed he has held the position of Packer/Helper. The duties of a Packer/Helper are to assist drivers in packing and loading furniture and other household goods in preparation of transporting them to another location or into storage.

Defendant was aware that Plaintiff was treated for a heart problem in January of 1999 and was required to miss a couple of months of work. Plaintiff returned to work March 8, 1999 and resumed his normal duties as a Packer/Helper. At no time after he returned to work in March of 1999 did Plaintiff indicate that he was disabled or unable to perform the work he has assigned to complete.

No employee of the Defendant who works as a Packer/Helper is guaranteed 40 hours a week or any amount of work. The assigned work for each employee varies and depends upon the volume of work available on a particular day. Further, the moving industry is subject to seasonal demands in which the spring months are traditionally busier than the fall and winter months. The moving business is a competitive business. The best and hardest working employees do tend to get the most assignments and the most hours.

There are times when Packer/Helpers sometimes request that they not be

scheduled on a particular day and depending upon the needs of the company, Mr. Rodriquez, Defendant's dispatcher, attempts to accommodate these requests. Packer/Helpers can also call off. A call off is when a Packer/Helper has been scheduled to work that particular day, but calls or leaves a message for the dispatcher before the workday begins and requests that he not work that day.

Drivers from other moving companies frequently make requests to the Defendant for Packer/ Helpers and it provides them with one or more to assist them. Because the Packer/Helper is employed and paid by the driver directly, these work assignments are not reflected on the employee's paycheck or time card, but are, however, reflected in the employee's work schedule and in the dispatch log.

### **Americans with Disabilities Act**

To prevail, Plaintiff must first make a *prima facie* showing of discrimination by establishing that : "(1) [h]e is disabled or is regarded as disabled; (2) he is qualified for the job; (3) he is subjected to an adverse employment action on account of his disability; and (4) he was replaced by or treated less favorably than non-disabled employees." McInnis v. Alamo Community College District, 207 F.3d 276, 279-80 (5th Cir. 2000). "If the plaintiff established a *prima facie* case of ADA discrimination, the burden the shifts to the employer to offer a legitimate, nondiscriminatory reason for the [adverse employment action]." Selenke v. Medical Imaging of Colorado, 248 F.3d 1249, 1259 (10th Cir. 2001); McInnis, 207 F.3d at 279-80. "Once the employer articulates such a reason, the burden shifts back upon the plaintiff to establish by a preponderance of the evidence that the articulated reason was merely a pretext for unlawful discrimination." McInnis, 207 F.3d at 279-80.

5

## **The ADA's "Regarded as Disabled" Standard**

There are three different ways in which an individual may satisfy the definition of "being regarded as having a disability":

(1)  [If he has] a physical or mental impairment that does not substantially limit major life activities but is treated by a covered entity as constituting such limitation;
(2)  [If he has] a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment; or
(3)  [If he has] none of the impairments defined in paragraph (h)(1)(2) of this section but is treated by a covered entity as having a substantially limiting impairment.

20 C.F.R. @ 1630.2(1). Only subpart (3) is relevant to this case.

"The statutory requirement that the employer regard the employee as having a substantially limiting impairment indicates that an employer regards an employee as substantially limited in the ability to work when the employer regards the...perceived impairment as foreclosing generally the type of employment involved. " Sutton v. United Airlines, 130 F.3d 893, 904 (10 Cir. 1997) *aff'd* 527 U.S. 471 (1999). According to the EEOC's interpretative guidelines, if an individual can show an employer's adverse action based on "myth, fear, or stereotype," including concerns regarding safety, insurance, liability, and acceptance by coworkers and the public, the individual will satisfy the "regarded as" component of the definition of disability. 29 C.F.R. Pt. 1630 app. @ 1630 2(l). "This provision of the ADA is designed to combat invidious stereotypes regarding disabled members of society." Howard v. Navistar Intl's Trans. Co., 904 F. Supp. 922, 929-30 (E.D. Wis. 1995).

Plaintiff must prove that he had no actual impairment at all, but was treated by Defendant has having a substantially limiting impairment. McInnis, 207 F.3d at 280-81.

6

With respect to the major life activity of work, "substantially limits" means "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." Piquard v. City of East Peoria, 887 F. Supp. 1106 1130 (C.D. Ill. 1995).

Plaintiff submitted his affidavit and an affidavit of a co-worker in his Response. Plaintiff relies on the undisputed fact that Defendant knew that Plaintiff had been treated for a heart condition. Knowledge of a medical condition does not demonstrate that Defendant regarded Plaintiff as disabled. "[T]he mere fact that the employer has such knowledge [of treatment of a heart condition], however, does not show that the employer regarded the plaintiff has having a disabling impairment. Gerdes v. Shift-Eckrich, Inc., 949 F. Supp. 1386, 1399 (N.D. Iowa 1996) *quoting* Aucutt v. Six Flags Over Mid-America, Inc., 85 F.3d 1311, 1319 (8th Cir 1996). Plaintiff further relies on an alleged fact that an employee of Defendant, Mr. Montano, yelled at Plaintiff about his heart condition. Castro, affidavit, ¶6. Again, this does not create an issue of fact. Plaintiff makes reference to only one remark by Mr. Montano to support his claim. He does not give a time frame and other information regarding the circumstances of this remark. Plaintiff did not submit any evidence that this remark was made more than one time or that any such remark was pervasive in the workplace. A "stray remark" does not establish that Defendant regarded Plaintiff as disabled. Cone v. Longmont United Hospital Assoc., 14 F.3d 526, 531 (10th Cir. 1994)("'However,...isolated [or] ambiguous comments are too abstract...to support a finding of age discrimination.'")(citation omitted); Bahl v. Royal Indem. Co., 115 F.3d 1283, 1293 (7th Cir. 1997)(holding that isolated or stray remarks made to an employee regarding

7

his disability generally do not rise to the level necessary to establish a hostile working environment).

Plaintiff also asserts through an affidavit of a co-worker that Mr. Montano yelled at the Plaintiff and treated him "coldly." This is hearsay and cannot be used prove Plaintiff's case. Further, this statement is unrelated to the specific claim alleged by the Plaintiff. Fed.R.Civ.P. 56. (Opposing affidavits "must set forth specific facts showing that there is a genuine issue for trial.") No conclusion or inference can be drawn from this statement that the Defendant regarded Plaintiff as disabled. The most this evidence infers is that the Plaintiff and Mr. Montano had a personality conflict.

Plaintiff further asserts that Mr. Montano had some control over Plaintiff's work schedule. As discussed below, there is no competent evidence that Plaintiff worked less after he suffered a heart condition and returned to work. Even assuming Mr. Montano had control over Plaintiff's work schedule and Plaintiff worked less after his return to work, it is pure speculation that the reason is because Defendant regarded Plaintiff as disabled.

Plaintiff further argues that his W-2's for the years 1999 and 2000 are evidence that he was treated as having a disability. Plaintiff asserts that the W-2 forms "indicate a precipitous drop in Mr. Castro's income from working for the Defendant after his heart attack and return to work." Response, p. 4. Plaintiff's W-2's show that Plaintiff earned $14,682.90 in wages in 1999 and $1166.67 in 2000. Plaintiff was treated for his heart condition in January of 1999. He returned to work on March 8, 1999. Plaintiff did not submit any evidence of his earnings prior to his return to work. All or a significant majority of the wages documented in the W-2's are wages Plaintiff earned after he returned to

8

work.	The W-2's demonstrate that Plaintiff's earning were significantly less in the year 2000 than in the year 1999.  However, the W-2's do not demonstrate that Plaintiff's earnings were less after his return to work because Plaintiff did not submit any evidence of his earnings prior to his treatment for his heart condition.  This issue then becomes what reasonable inferences can be drawn from these facts.  "The line between 'reasonable inferences' and mere speculation is impossible to define with any precision.  However, the Third Circuit has effectively described the process of distinguishing between reasonable inferences and impermissible speculation."

> The line between reasonable inferences that may permissibly be drawn...from basic facts in evidence and an impermissible speculation is not drawn by judicial idiosyncracies.  The line is drawn by the laws of logic.  If there is an experience of logical probability that an ultimate fact will follow a stated narrative or historical fact, then the [fact-finder] is given the opportunity to draw a conclusion because there is a reasonable probability that the conclusion flows from the proven facts...The essential requirement is that mere speculation be not allowed to do duty for probative facts after making due allowance for all reasonably possible inferences favoring the party whose case is attacked.

Sunward Corp. v. Dun & Bradstreet, Inc., 811 F.2d 511, 521 (10th Cir. 1987).

It does not logically follow from the above facts that it is a reasonable probability that Plaintiff's earning decreased after he returned to work.  There is no evidence of his earnings from the Defendant prior to his treatment for his heart condition.  The above facts do not lead to the conclusion that is probable that Defendant reduced Plaintiff's work hours.  The Defendant has submitted into evidence many reasons why Plaintiff's work hours would decrease.  The facts presented do not give rise to any inference that Defendant regarded Plaintiff as disabled.

Lastly, Plaintiff submits what appears to be two letters from an individual in accounting who works for the Defendant.  Assuming their admissibility,  the letters do not

9

demonstrate that Defendant reduced his working hours.  The first is dated November 20, 2000 and states that the average number of hours worked in a week is 40.  Exhibit 1-a to the affidavit of Plaintiff.  The letter is dated a year and eight months after Plaintiff returned to work.  Thus, this evidence shows that Plaintiff was working forty hours a week one year and eight months after he returned to work after being treated for his heart condition.  The second letter is dated May 23, 2001.  It merely shows that in May of 2001 Plaintiff received a negative paycheck and a paycheck for $17.50.  This demonstrates that Plaintiff worked very few hours in May of 2001.

The absence of certain evidence in the record clearly demonstrates that the Defendant did not regard the Plaintiff as disabled.  There is no evidence that Defendant:

1. in any way limited Plaintiff's work because he had been treated for a heart condition;

2. did not treat Plaintiff as fully capable of performing his work as a Packer/Helper;

3. placed any restrictions on the Plaintiff as to the number of hours he worked during the day;

4. placed any lifting restrictions on the Plaintiff;

5. placed any restrictions as to the number of days in a week Plaintiff would be permitted to work; and

6. limited Plaintiff to light duty.

Soileau v. Guilford, 928 F. Supp. 37, 51 (D. Me. 1996)(evidence that employer continued to assign work to ADA plaintiff established that employer did not consider plaintiff to be

substantially limited in her ability to work).

**No Adverse Employment Action.**

In determining what constitutes an "adverse employment action," the Tenth Circuit takes a "case-by-case approach". Sanchez v. Denver Pub. Schs., 164 F.3d 527, 532 (10th Cir. 1998). Conduct is an "adverse employment action" if it "constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." Id.

Plaintiff cannot prevail because he has not presented admissible evidence that the Defendant by its conduct changed Plaintiff's employment status. The Plaintiff did not introduce evidence as to the number of hours Plaintiff worked or wages earned prior to his treatment for his heart condition.[1] Plaintiff merely submitted evidence that he worked less in the year 2000 then he did in the year 1999.

**Pretext**

Even if the Plaintiff had set forth sufficient evidence with respect to his *prima facie* case, the court would nonetheless grant Defendant's motion for summary judgment because the Plaintiff has failed to raise any inference of pretext. Defendant has offered legitimate, nondiscriminatory reasons for its decisions regarding the number of hours

---

[1] Defendant submitted an analysis showing that, but for Plaintiff's time off for sick leave, vacation leave, call outs, no shows and drive dispatch days, the average hours available to Plaintiff increased after he returned from being treated for his heart condition. Plaintiff objected to this analysis on the grounds that Defendant did not show that this evidence was admissible. The Court did not consider the analysis or the underlying data.

11

Plaintiff worked. According to the Defendant, any variability in the number of hours worked by Plaintiff is a consequence of the work available and informal assignments to outside drivers. Plaintiff did not offer any evidence that these reasons were pretextual, i.e., unworthy of belief. Randle v. City of Aurora, 69 F.3d 441, 451 (10th Cir. 1995); Morgan v. Hilti, Inc., 108 F.3d 1319, 1321 (10th Cir. 1997)(A plaintiff may establish pretext showing "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its actions" which could lead a reasonable fact-finder to label the asserted non-discriminatory reason unworthy of credence.). As discussed above, the Plaintiff offered no evidence that the Defendant's treatment of him was based on a perceived disability rather than a business decision or personality conflict. The Court will not second guess a business decision of the Defendant. Simms v. Oklahoma ex rel. Dept. of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1330 (10th Cir.) *cert. denied*, 528 U.S. 815 (1999). Moreover, evidence of a personality conflict does not constitute evidence of a perceived disability. Selenke, 248 F.3d at 1259.

Finally, Plaintiff relies on a recent case from the Tenth Circuit in which the Court held that it "must examine the totality of the circumstances including 'the context in which the alleged incidents occurred.'" McCowan v. All Star Maintenance, Inc., 273 F.3d 917, 920 (10th Cir. 2001). Plaintiff's reliance is misplaced for a number of reasons. In McCowan, the Court assumed Plaintiff had made a *prima facie* case of racial discrimination. In this case, Plaintiff cannot prove the elements to show any discrimination. In McCowan the lower court was reversed because there was an issue of fact as to whether Defendant's reasons for terminating the Plaintiffs were pretextual. Unlike the

instant case, in McCowan, the record was replete with racial epithets and comments. In McCowan, the Defendant asserted that the reason for terminating Plaintiffs was for financial reasons. In reviewing the facts, the Court wrote that "the employer's business judgment cannot be immunized from the totality of the circumstances inquiry." Id. at 926. Here Plaintiff has presented very few "circumstances" for the Court to consider. Unlike the Defendant in McCowan, the Defendant in this case has set forth more than bare assertions as to how Packer/ Helpers were assigned work hours.

**Conclusion**

By Plaintiff's own admission he was capable and did fulfill the responsibilities of his position with the Defendant. He has presented no evidence that the Defendant mistakenly believed he was disabled. Plaintiff subjective belief of discrimination is not sufficient to preclude summary judgment. Aramburu v. The Boeing Co., 112 F.3d 1398, 1408 n. 7 (10th Cir. 1997). In the absence of evidence, the court is persuaded Plaintiff has not shown he was regarded as disabled. Finally, Plaintiff offered no evidence to raise any inference of pretext.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Defendant's Motion for Summary Judgment is granted and Plaintiff's Complaint is dismissed with prejudice.

**Don J. Svet**
**UNITED STATES MAGISTRATE JUDGE**